# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CRYSTAL STARR METZ,**

    Petitioner,

**v.**                                   **CIVIL ACTION NO.: 3:13-CV-175**
                                         **CRIMINAL ACTION NO.: 3:12-CR-57-2**
                                         **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on October 7, 2014. [ECF 10 in 3:13-CV-175; ECF 268 in 3:12-CR-57-2]. In that filing, he recommends that this Court deny the Petitioner's motion and that the motion be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the

petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Petitioner accepted service of the R&R on October 9, 2014.  Therefore, objections were due no later than Monday, October 27, 2014.  Neither party has filed objections to the R&R.  Accordingly, this Court will review the R&R for clear error.  Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

Accordingly, the Court hereby **DENIES** the Petitioner's motion and **ORDERS** that it be **DISMISSED WITH PREJUDICE**.  Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is **DIRECTED** to enter judgment for the Respondent.

Pursuant to 28 U.S.C. § 2253(c), the Court must determine whether a certificate of appealability should issue.  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). An applicant can satisfy this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings are also debatable or wrong.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, upon an independent review of the record, the Court finds that the Petitioner

2

has not made the requisite showing. Accordingly, this Court hereby **DENIES** a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** November 7, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE